UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SEAN McCOY                                   CIVIL ACTION NO. 06-2292

versus                                       JUDGE WALTER

DELMARCUS WADE, ET AL.                       MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Sean McCoy ("Plaintiff") filed this civil action, without representation by an attorney, against his former employer and two individuals associated with the employer.  Defendants responded with a Motion to Dismiss (Doc. 7) on the grounds that the court lacks subject matter jurisdiction.  Plaintiff has asserted some federal claims that arguably support subject matter jurisdiction, but the claims do not survive Rule 12(b)(6) scrutiny.  It is recommended, for the reasons that follow, that all federal claims be dismissed pursuant to Rule 12(b)(6) and that the court decline to exercise supplemental jurisdiction over the state law claims.

### The Complaint

Plaintiff alleges that he was hired by David Wright of Vinson Guard Services to work as a security officer.  About three weeks later, Plaintiff was introduced to Delmarcus Wade as his training officer.  Plaintiff alleges that, three days later, a customer assaulted and injured him.  Plaintiff represents that he was terminated from employment later that morning and that the termination was done "without due process and in violation of the law."  Plaintiff adds that Defendants have "libeled, slandered and defamed" Plaintiff.  Plaintiff also asserts that

"he was unfairly and unlawfully terminated from employment in violation of his federal civil rights."  Plaintiff's opposition to the motion to dismiss includes invocation of the First Amendment and other provisions of the U. S. Constitution, as well as complaints that Defendants provided false and misleading evidence in connection with Plaintiff's claim for unemployment compensation.

**Federal Claims**

Plaintiff invokes unspecified federal civil rights laws as well as constitutional provisions.  When a party asserts a federal claim, the court should address it on the merits rather than dismiss for lack of jurisdiction unless the purported federal claim has no plausible foundation.  Williamson v. Tucker, 645 F.2d 404, 415-16 (5th Cir. 1981) (en banc). Plaintiff's asserted federal claims arguably meet the "no plausible foundation" standard, but the safer course is to proceed to the merits of the claims.

Defendants have not addressed Plaintiff's specific invocations of federal law, but the court may dismiss the federal claims on its own motion under Rule 12(b)(6) as long as the procedure employed is fair.  Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). Addressing the claims in this Report and Recommendation is fair, because Plaintiff will be allowed sufficient notice of and opportunity to respond to the possible dismissal of his case before the district judge acts. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

Plaintiff complains generally that his termination violated his federal civil rights, and he specifically invokes the Due Process Clause in his complaint.  His memorandum in opposition to the motion to dismiss also invokes the First, Fourth, Fifth and Fourteenth Amendments.  Plaintiff does not invoke any federal statutory laws.

A person may seek damages pursuant to 42 U. S. C. § 1983 for violations of his federal constitutional rights.  The constitutional provisions invoked by Plaintiff do not, however, apply to private persons or companies such as Defendants.  Rather, they prohibit the *government* from taking certain actions such as infringing upon free speech, conducting unreasonable searches or violating procedural due process.  In addition, Section 1983 gives rise to a cause of action only when a person who is acting *under color of state law*, such as a policeman or other government official, violates the Plaintiff's constitutional rights.  West v. Atkins, 108 S.Ct. 2250 (1988).

Plaintiff has invoked the federal constitution, but all indications in the complaint are that Defendants are not government agencies or officials or otherwise susceptible to Section 1983 liability.  Accordingly, Plaintiff's Federal civil rights claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff appears to believe that his termination was unfair or without good reasons, and perhaps he believes that gives rise to a legal claim.  Neither federal nor Louisiana law provide a cause of action for wrongful termination (based on false accusations of wrongdoing

or otherwise) or mere unfair treatment in the workplace.  When an employee is employed for an indefinite term, Louisiana law allows the employment relationship to be terminated at the will of either party.  "Reasons for terminations need not be accurate, fair or reasonable." Stephenson v. Lavalco, Inc., 669 So.2d 608, 610 (La. App. 2d Cir. 1996).  See also Gilbert v. Tulane University, 909 F.2d 124, 125 (5th Cir. 1990).  There are state and federal statutes that prohibit termination of employment for certain, specified reasons, but Plaintiff has not invoked any such laws or alleged that his termination was based on one of the unlawful reasons listed in those statutes. Mere termination for unfair or incorrect reasons does not give rise to a federal (or state) cause of action.

**State Law Claims**

Plaintiff has asserted state law claims such as defamation.  All indications in the complaint are that both Plaintiff and Defendants are citizens of Louisiana, so there is no basis for the exercise of diversity jurisdiction pursuant to 28 U. S. C. § 1332.  Accordingly, the only basis for this court to exercise jurisdiction over those claims is supplemental jurisdiction pursuant to 28 U. S. C. § 1367.  That supplemental jurisdiction depends upon the presence of the federal claims over which the court has original jurisdiction.  Once the federal claims are dismissed, Section 1367(c)(3) provides that the court may decline to exercise supplemental jurisdiction over any remaining state law claims.

The Fifth Circuit has stated that the general rule is that state law claims should be dismissed once the federal claims have been dismissed.  Parker & Parsley Petroleum Co. v.

Dresser Indus., 972 F.2d 580, 585 (5th Cir. 1992); Engstrom v. First National Bank of Eagle Lake, 47 F.3d 1459, 1465 (5th Cir. 1995).  Defendants report that Plaintiff has a civil action pending in state court that involves essentially the same allegations.  This court should decline to exercise supplemental jurisdiction over the state law claims.  Plaintiff may seek resolution of those claims in state court.

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 7)** be **granted** by **dismissing** all federal claims for failure to state a claim upon which relief can be granted and, pursuant to 28 U. S. C. § 1367(c)(3), **dismissing without prejudice** any state law claims presented by the complaint.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See <u>Douglass</u> <u>v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 12th day of March, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE